UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

KAREN BEMERO, individually and on behalf )
of all other similarly situated, )
                                                                                               )
     Plaintiff, )     No. 1:22-cv-06436
                                                                                               )
v. )
                                                                                               )
LLOYD & MCDANIEL, PLC, )
                                                                                               )
     Defendant. )

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS RULE 12(b)(1) & 12(b)(6) MOTION TO DISMISS**

Defendant Lloyd & McDaniel, PLC ("L&M"), by and through its undersigned counsel, in support of its Rule 12(b)(1) and 12(b)(6) motion to dismiss states as follows:

**INTRODUCTION**

On November 17, 2022, Plaintiff Karen Bemero[1] ("Plaintiff") filed this lawsuit alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). *See generally* ECF #1. The following alleged facts are stated as favorably to Plaintiff as permitted by her Complaint:

Some time prior to August 18, 2020, Plaintiff allegedly incurred an obligation to Synchrony Bank ("Synchrony"), which arose out an account incurred for personal, family or household purposes (the "Account"). *See* ECF #1 at ¶21-22. Thereafter, LVNV Funding, a debt buyer, purchased the Account and contracted with L&M to collect it. *Id.* at ¶26. L&M mailed Plaintiff a

---

[1] Defendant believes Plaintiff's name to be Karen Bernero as stated in the Exhibit attached to Plaintiff's Complaint but will refer to her as "Karen Bemero" based on the caption of the Complaint.

collection letter which is attached to the Complaint as Exhibit A (the "Letter"). *Id.* at ¶28[2]. While the Letter provides an itemization of the amount due from August 18, 2020 to "today" and states the total amount of the debt "now," the letter itself is undated. *See* Exhibit A.

Based on the foregoing allegations, Plaintiff seeks to hold L&M liable for violations of §§ 1692d, 1692e, 1692f and 1692g of the FDCPA. *Id.* at ¶25. In doing so, Plaintiff takes a kitchen-sink approach to pleading Article III standing. Indeed, Plaintiff's Complaint is rife with unadorned conclusions, many of them nonsensical, about the harms she suffered as a result of the lack of a date on the Letter. Specifically, Plaintiff contends that the lack of date: (1) "created an appreciable risk of harm of being unable to properly respond or handle Defendant's debt collection efforts;" (2) caused her to "fail to pay the debt;" (3) caused her to "expend time and money[] in reliance on the improper content of the Letter and the lack of consistent sensible information, to ascertain what her options and possible responses could or should be;" (4) "affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this debt;" (5) caused Plaintiff to "rel[y] on the contents of the Letter to her detriment;" (6) caused her to pursue a "different course of action;" (7) caused Plaintiff to use funds that could have been used to "pay all or part of the alleged debt" elsewhere; (8) spend time and money in an effort to "mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties;" (9) caused "Defendant's furnishment, and ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment;" (10) expend "time and money in an effort to mitigate the risk of future financial harm in the form

---

[2] Plaintiff states the Letter was about "the debt owed to Pineville" but assumes, like the misspelling of her own name, that this is another typo.

of dominion and control over her funds;" (11) expend "time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what he options and possible responses could or should be" along with several other generic harms. *Id.* at ¶¶49-65. As explained in more detail below, however, because Plaintiff's Complaint is devoid of any *factual allegations* plausibly suggesting a *concrete* injury stemming from the alleged violations, Plaintiff has not demonstrated Article III standing to bring suit under the FDCPA, thereby warranting dismissal of her claims.

However, even in the event this Court finds Plaintiff has plausibly alleged standing consistent with Article III, Plaintiff's claims still fail to state a claim for three reasons. First, Regulation F, issued under the CFPB's controlling rulemaking authority, does not require that a date be included on an initial validation notice. Next, the absence of a date on the Letter is not, as a matter of law, deceptive, unfair, abusive, or misleading. Lastly, the applicable CFPB's model validation notice, which provides an unequivocal safe harbor for debt collectors, is functionally identical to the Letter. Thus, in the even the Court does not dismiss the Complaint for lack of standing, it should dismiss the Complaint for failure to state a claim.

## STANDARD

### A. 12(b)(1)

Article III of the Constitution grants the federal courts "Judicial Power" to resolve only "Cases" or "Controversies." U.S. Const. art. III §§1-2. "From this text comes the standing doctrine, which 'confines the federal courts to a properly judicial role' and 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" *Pennell v. Global Trust Management, LLC*, 990 F.3d 1041, 1044 (7th Cir. 2021) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). As the party invoking federal jurisdiction, plaintiffs bear the burden of establishing Article III standing. *Lujan v. Defs. Of Wildlife,* 504 U.S. 555, 561

(1992). "And standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021).

The "irreducible constitutional minimum of standing" requires that a plaintiff demonstrate injury in fact that is fairly traceable to the defendant's conduct and redressable by a favorable judicial decision. *Lujan*, 504 U.S. at 560-61. The injury-in-fact must be "concrete and particularized" as well as "actual or imminent" (as opposed to "conjectural or hypothetical"). *Id.* Moreover, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 561 (internal quotations omitted). "[A]n important corollary to the rule that injury-in-fact must be both concrete and particularized is the requirement that the plaintiff must clearly allege facts demonstrating each element. In other words, allegations matter." *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1245-46 (7th Cir. 2021) (internal citations and quotations omitted). In the context of the FDCPA specifically, the Seventh Circuit has repeatedly held it is not enough for a plaintiff to simply allege a statutory violation; he or she must allege (and later establish) that the statutory violation concretely harmed him or her. *See Pennell*, 990 F.3d 1041 at 1045 (citing *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020) ("a plaintiff must do more than allege an FDCPA violation to establish standing; she must also show personal harm")). "Questions of standing are appropriately addressed via a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction." *Swanigan v. City of Chi.*, 881 F.3d 577, 582 (7th Cir. 2018).

### B. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## ARGUMENT

### I. Plaintiff Has Not Adequately Alleged Article III Standing.

As explained *supra*, "[w]hen courts analyze standing, 'allegations matter.'" *Pennell*, 990 F.3d at 1045 (quoting *Thornley*, 984 F.3d at 1246). The Court's "job is to decide whether [plaintiffs] have Article III standing to pursue the case they have presented in their complaint." *Thornley*, 984 F.3d 1248. Thus, what matter here, is what Plaintiff alleges in her Complaint. *Id.* That is not to say, however, that all allegations must be accepted as true. Only well-pleaded factual allegations must be accepted as true in a standing analysis. *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). Unadorned conclusions, unsupported by specific facts, should and must be ignored. *Id.*

Here, the grievances that Plaintiff alleges lack any connection to the factual allegations. For instance, while Plaintiff contends that the lack of the date on the letter caused her "time and money," Plaintiff the facts plead do not plausibly suggest lost time or money. Likewise, while Plaintiff alleges that the lack of date caused her to to forgo paying the debt, and to rely on the Letter to her detriment, she does not explain *how* the lack of date caused either of these effects. Indeed, the lack of a date alone does not lead to a reasonable inference of lost time or money, or some sort of detrimental reliance. And certainly, it is not reasonable to infer that somehow the

lack of date on the Letter caused negative credit reporting. Defendant is not even alleged to have credit reported the debt and in fact, does not credit report. Put simply, Plaintiff's conclusions are simply implausible.

      **II.**      **Plaintiff Has Failed to State a Claim as the Letter is Not Misleading or Unfair and Mirrors Regulation F's Safe Harbor Letter.**

First, Regulation F dictates the requirements of a §1692g notice both as to form and content. Nothing in the text of Regulation F requires that the date of the letter be placed thereon. Second, there is nothing unfair, misleading, deceptive, or otherwise improper about the lack of a date on the letter. The letter provides basic information on the account, including the amount owed as of a specific date and any payments or additions since that time. In fact, the letter shows a static balance and that no fees, charges, or payments affected the balance between the date of itemization and today. The letter further provides Plaintiff with a specific date by which to dispute the debt or request additional information. While Plaintiff attempts to conclude that the lack of date makes the letter seem illegitimate, there is no requirement in the law that a debt collector include a date. And, the failure to include it does not transform the letter into misleading correspondence. This circuit has held time and time again that while the unsophisticated consumer is naïve and trusting, she is still charged with basic knowledge of the financial world and reading correspondence with care. *Pettit v. Retrieval Masters Creditors Bureau, Inc*., 211 F.3d 1057, 1058 (7th Cir. 2000).

Even if, however, the Letter could be somehow considered misleading, the Letter qualifies for Regulation F's safe harbor. "Regulation F, codified on November 30, 2021 at 12 C.F.R. § 1006, creates a model validation notice and provides a safe harbor to debtors who send the model notice." *Aargon Agency, Inc. v. O'Laughlin*, 2022 U.S. Dist. LEXIS 22186, at *14 (D. Nev. Feb. 7, 2022). The model form, known as Model Form B-1, in effect at the time Plaintiff received the letter is attached hereto as Exhibit B. A debt collector who uses Model Form B-1, or a substantially similar

form, complies with the information and form requirements of Regulation F as a matter of law. 12 C.F.R. §1006.34(d)(2). Notably, while the Rule provides that the addition of the date the form is generated is a permissible modification to Model Form B-1, the date is not a required addition. *See* §1006.34(d)(2)(iii), Official interpretation of 34(d)(2)(iii) Substantially similar form. The complained-of Letter contains the exact same formatting and information contained in Model Form B-1. It is substantially similar, if not identical, to Model B-1. Accordingly, as a matter of law, Defendant is entitled to the protection of § 1006's safe harbor relative to the notice.

## CONCLUSION

Only plaintiffs concretely harmed by a defendant's statutory violation of the FDCPA have Article III standing to seek damages against a private defendant in federal court. Yet, Plaintiff has failed to plausibly allege a single redressable harm stemming from the alleged violations. Moreover, even if she had, the letter at issue fully complies with Regulation F. Accordingly, Plaintiff's Complaint must be dismissed, with prejudice.

Respectfully submitted,

**LLOYD & MCDANIEL PLC**

*s/ Nicole M. Strickler*
Nicole M. Strickler
Messer Strickler Burnette, Ltd.
142 W. Station St.
Barrington, IL 60010
(312) 334-3442 (direct)
(312) 334-3473 (fax)
nstrickler@messerstrickler.com
*Attorney for Defendant*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2022, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

> *s/ Nicole M. Strickler*
> Nicole M. Strickler
> Messer Strickler Burnette, Ltd.
> 142 W. Station St.
> Barrington, IL 60010
> (312) 334-3442 (direct)
> (312) 334-3473 (fax)
> nstrickler@messerstrickler.com
> *Attorney for Defendant*