## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **KAREN BEMERO, individually and on behalf of all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case No. 22 C 6436** |
| **LLOYD & McDANIEL, PLC,** | ) ) | |
| **Defendant.** | ) ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

Karen Bemero has sued Lloyd & McDaniel PLC on claims arising from a debt collection letter sent by L&M. Bemero alleges that L&M violated the Fair Debt Collection Practices Act by sending an undated collection letter that she contends was confusing due to the absence of a date. Bemero seeks to represent a class of similarly situated persons. L&M has moved to dismiss Bemero's claim on the grounds that she lacks standing under Article III of the Constitution and for failure to state a claim upon which relief may ne granted. The Court dismisses the complaint for lack of standing for the reasons stated below.

### Background

The Court takes the following facts from the allegations in Bemero's complaint and the parties' submissions on the motion. Some time prior to August 18, 2020, Bemero incurred a debt to Synchrony Bank. LVNV Funding, a debt buyer, purchased

the debt and contracted with L&M to collect it. L&M then sent Bemero a collection

letter. The letter, in relevant part, stated the following:

> **Our information shows:**
> _____
>
> You had a BP account from Synchrony Bank with account
> number ***********1301. LVNV Funding LLC is the current
> creditor to whom the debt is owed.
> _____
>
> As of August 18, 2020, you owed:            $4,596.33
> _____
>
> Between August 18, 2020 and today:
> _____
>
>   You were charged this amount in interest:  + $      .00
> _____
>
>   You were charged this amount in fees:     + $      .00
> _____
>
>   You paid or were credited this amount
>   toward the debt:                       - $      .00
> _____
>
> **Total amount of the debt now:            $4,596.33**

Pl.'s Compl., Ex. A.

Bemero's claim focuses on the letter's statement about what accrued between

August 18, 2020 and "today," and on what she owed "now," combined with the fact that

the letter was undated. This, Bemero alleges, left unclear what "today" and "now"

meant and thus, she contends, how much she actually owed at the time she received

the letter (she does not say when this was). *See* Compl. ¶ 31. Bemero contends that

this "misled [her] as to the status of the subject debt" and that the absence of a date on

the letter "ma[d]e [it] seem illegitimate." *Id.* ¶¶ 32, 34. She also alleges that this made

the letter's information appear "incorrect, inaccurate, or otherwise misleading, making [her] question the legitimacy" of the attempt to collect the debt. *Id.* ¶ 35. More specifically, Bemero alleges that the omission "cast a negative shadow" over its debt collection attempt and, conversely, was deliberately confusing in an effort "to achieve leverage over [the] consumer[]." *Id.* ¶¶ 37, 40. It also, she alleges, "encourage[d] rash decision-making" by a consumer such as herself. *Id.* ¶ 45. There are other allegations along these lines, but this provides a sufficient flavor.

Bemero says that the confusing aspects of the letter affected her as follows:

- it made her uncertain about the letter's legitimacy, *id.* ¶ 54;

- she "would have pursued a different course of action" but for the confusing nature of the letter, *id.* ¶ 55, though she doesn't say exactly what she would have done;

- "the funds [she] could have used to pay all or part of the alleged debt were spent elsewhere," *id.* ¶ 56;

- her "reliance on the Letter, and the resulting inaction/non-payment," led L&M to disseminate negative information about her to credit reporting agencies, *id.* ¶ 58; and

- she "spent time and money in an effort to mitigate the risk of future financial and reputational harm" resulting from the information disseminated about her nonpayment, though she doesn't provide any detail, *id.* ¶¶ 57, 59-60.

Bemero filed the present suit seeking to represent a class consisting of individuals with addresses in Illinois who received an undated collection letter from L&M. Bemero asserts four claims, under 15 U.S.C. §§ 1692d, 1692e, 1692f, and

1692g, respectively.  In count one, she alleges that L&M violated section 1692d by omitting a date from the collection letter and defining her debt based on the omitted date.  In count two, she alleges that L&M violated section 1692e because the letter falsely represented the true character and/or legal status of the debt in violation of section 1692e(2)(A) and made a false and misleading representation in violation of section 1692e(10).  In count three, Bemero alleges that L&M violated section 1692f by omitting the date from the dunning letter in a way that disadvantaged her in making an educated decision regarding the subject debt.  In count four, she alleges that L&M violated section 1692g(a) by failing to properly provide the amount of the debt, by pegging it to an unknown date.

L&M has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  It argues that Bemero failed to plausibly allege an injury that suffices to establish her standing to sue.  L&M also contends that its collection letter complied with applicable legal requirements and thus that Bemero has failed to state a claim.

## Discussion

"Article III of the Constitution limits federal judicial power to certain 'cases' and 'controversies,' and the 'irreducible constitutional minimum' of standing contains three elements."  *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992)).  The first is that the plaintiff must have suffered an "'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).  The injury must also be "fairly traceable to the challenged action of the defendant" and must be redressable through

judicial action. *Id*.

L&M appears to be making a "facial" challenge to Bemero's standing, as opposed to a "factual" challenge. In considering a facial challenge to standing under Rule 12(b)(1), the Court takes as true the complaint's factual allegations relating to standing and draws reasonable inferences in the plaintiff's favor. *See, e.g., Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

The Seventh Circuit has held that the violation of an FDCPA provision, whether "procedural" or "substantive," does not necessarily cause an injury in fact. *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Castillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019). To satisfy the injury in fact requirement, the violation must have "harmed or presented an 'appreciable risk of harm' to the underlying concrete interest that Congress sought to protect." *Castillas*, 926 F.3d at 333 (quoting *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017)); *see Spokeo, Inc. v. Robins,* 578 U.S. 330 (2016) ("[N]ot all inaccuracies [in a credit report governed by the Fair Credit Reporting Act] cause harm or present any material risk of harm.").

An allegation of an FDCPA violation is insufficient without more to establish standing. There is caselaw, including a decision by this Court, concluding that a loss or expenditure of money, even a small amount, will suffice. In *Brown v. Weltman, Weinberg & Reis Co.*, No. 21 C 1120, 2021 WL 3910748 (N.D. Ill. Sept. 1, 2021), this Court found sufficient the plaintiff's allegation that a misleading collection letter required her to take time away from self-employment, and thus lose money, in order to figure out what was up. The Court concluded that this was an "actual economic detriment" caused by the wrongdoing that sufficed to establish Article IIII standing. *See id.* at *2.

5

But Bemero does not allege this; she does not claim any actual monetary loss.

Bemero instead relies on the proposition that she *did not* spend money due to the allegedly confusing nature of the letter. Specifically, she alleges that she did not pay the debt because she found the letter confusing and, apparently, thought it was a fake or a scam. This by itself doesn't amount to anything more than mere confusion, which the Seventh Circuit has said isn't enough. *See, e.g., Pernell v. Global Trust Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) (confusion, even with stress, is not an Article III-cognizable injury). Rather, "[f]or the alleged injury to be concrete, a plaintiff must have acted to her detriment, on that confusion." *Id.* (internal quotation marks omitted). *See also ,e.g., Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 710 (7th Cir. 2021).

*Chuluunbat v. Weltman, Weinberg & Reis Co.*, No. 21-1584, 2022 WL 1599325 (7th Cir. May 20, 2022), illustrates how a plaintiff may show a detriment resulting from confusion that suffices to allege standing. In *Chuluunbat*, the plaintiff alleged that a misleading collection letter caused him to forego settling a debt, which resulted in interest continuing to accrue on the debt. *See id.* at *1. The court concluded that his "allegation that he would have prioritized paying the judgment over other debt" absent the confusion was enough to support standing, given the continuing accrual of interest due to his non-payment of the debt. But Bemero does not allege anything similar here. She alleges the first part of what Chuluunbat contended—that she did not pay the subject debt due to confusion caused by the letter—but not the second part, as she does not identify any concrete detriment (such as additional interest or fees) she suffered as a result of this.

Bemero also alleges that her reliance on the letter and the resulting non-payment caused negative credit reporting and resulting reputational harm. Other courts have found that false credit reporting that causes damage to a consumer's credit score or creditworthiness is sufficient to confer standing. *See, e.g., Cardin v. NewRez LLC,* No. 21 C 3350, 2022 WL 16540183 at *11 p(N.D. Ill. Oct. 28, 2022) (allegation of "false credit reporting to the credit bureaus destroyed [the plaintiff's] credit score and credit worthiness . . . is a sufficiently concrete harm to establish standing under the FDCPA."). But here there's no allegation of *false* credit reporting that was *caused by* any confusion from the letter. Specifically, Bemero does not allege that the debt isn't actually her debt or that it's being incorrectly reported, either before or since her receipt of the collection letter. And she does not allege that her credit score or creditworthiness was harmed as a result of her reliance on the letter: as matters appear based on the complaint, it's likely the debt was reported the same way both before and after the letter was sent. One can imagine a case in which a plaintiff plausibly alleges that absent confusion, she would have paid the debt and thereby increased her creditworthiness in some concrete way—but Bemero does not allege that here (so the Court does not have to assess whether that would be enough).

For these reasons, the Court concludes that Bemero has failed to allege standing. The Court dismisses her complaint for this reason and defers consideration of L&M's contention that she has failed to state a viable FDCPA claim.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss plaintiff's complaint for lack of standing [4]. Unless plaintiff files, by May 15, 2023, a

7

proposed amended complaint that states a viable claim over which the Court has subject matter jurisdiction, the Court will enter judgment against her. The case is set for a telephonic status hearing on May 22, 2023 at 8:50 a.m., using call-in number 888-684-8852, access code 746-1053. The Court reserves the right to vacate the status hearing if it determines it to be unnecessary.

Date: April 28, 2023

_____
MATTHEW F. KENNELLY
United States District Judge